UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRENCE LLOYD HADDIX, JR.,

    Plaintiff,

    v.

C/O SEAN BURRIS; *et al.*,

    Defendants.

No. C-12-1674 EMC (pr)

**ORDER PERMITTING AMENDED COMPLAINT AND SCHEDULING DISPOSITIVE MOTION DEADLINES**

## I. INTRODUCTION

The Court reviewed the *pro se* civil rights complaint filed by Terrence Lloyd Haddix, Jr., dismissed some claims and defendants, found a cognizable retaliation claim pled against correctional sergeant Frisk, and ordered service of process on him. Haddix has filed a motion for reconsideration and a motion to amend his complaint. Frisk has filed a motion to extend the deadlines for dispositive motions.

## II. BACKGROUND

According to an exhibit attached to the complaint, assistant institutional gang investigator Sean Burris interviewed Haddix in connection with a gang inactivity review on May 10, 2011.[1] Burris wrote a memorandum that memorialized the interview and recorded Haddix's comments about several items that had been used to validate him as an associate of the Aryan Brotherhood prison gang. In his complaint and amended complaint, Haddix contended that Burris effectively labeled him an informant in that memorandum by attributing a statement to Haddix that Haddix had

---

[1] An inmate who has been validated as a gang associate or member might be released from the security housing unit after six years of inactivity. *See* 15 Cal. Code Regs. § 3341.5(c)(5).

not made. Haddix further contended that, when he protested, he was subjected to retaliation by prison officials.

In this action, Haddix did not challenge prison officials' decision to validate him as a gang associate or prison officials' decision that he was not suitable for release from the security housing unit due to gang inactivity. Instead, the complaint and amended complaint sought relief for the alleged danger-creating statement made during the gang inactivity review process, and alleged retaliation that occurred thereafter.

### III. DISCUSSION

A. The Motion For Reconsideration

Haddix moves for reconsideration of the dismissal of defendants Burris and Lewis from this action. To understand the motion for reconsideration it is first necessary to review the Court's reasoning for dismissing those two defendants. Haddix had alleged in his complaint that correctional officer Burris violated his Eighth Amendment rights by labeling him an informant, and that warden Lewis failed to do anything about it. The Court rejected the claim against Burris because there was no allegation that Burris had told any other inmate that Haddix was an informant or shared the written report with any other inmate. The prison official who had not disclosed to other inmates that a particular inmate was an informant had not acted with deliberate indifference and had not exposed the inmate "to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (citation omitted). The Court further explained that, at most, the allegedly false statement was made by Burris in a document that could be read by other correctional officers, and that was not an Eighth Amendment violation. "Indeed, the duty to protect often requires that prison officials alert other prison officials to a prisoner's circumstances (e.g., an inmate's known enemies or an inmate's status as an informant or child molester) that may put him at risk from other inmates." Docket # 4, p. 5. The Court also noted the attachments to the complaint showed that it was Haddix himself who alerted other inmates to the existence of the statement that allegedly identified him as an informant. No Eighth Amendment claim was stated against warden Lewis because his "alleged failure to adequately respond to the letter complaining that a correctional officer had falsely identified Haddix as an informant in a

2

memorandum would not have been deliberately indifferent to any risk to his safety because there was no indication that the information was disseminated to any other inmate so as to endanger the inmate." *Id.* at 6.

In his motion for reconsideration, Haddix contends that a claim was stated against the two dismissed defendants for deliberate indifference to his safety because the memorandum and other non-confidential information placed in an inmate's central file may be accessed by "other inmates via staff misuse or abuse and/or inmate attorneys." Docket # 17, p. 1. He urges that this shows a sufficiently serious risk to his safety, and show defendants' deliberate indifference in putting and keeping the memorandum in his prison file.

The Court disagrees. Haddix does not state that there has been a disclosure, but only that there might be a disclosure at some future unknown date. The purely speculative risk that someone might improperly disclose the information at some time in the future is not sufficient to state an Eighth Amendment claim against the person who put the information in the file. Haddix's reasoning would require that *nothing* ever be put in an inmate's file that could possibly pose a risk to him because someone might misuse or disclose it at a later time. Omitting the sensitive information from the prisoner's file would interfere with prison officials' ability to protect their charges by depriving the officials of helpful, sometimes sensitive, information about their charges. Finally, not only is the mere potential of future disclosure or misuse insufficient for an Eighth Amendment claim, the Court again notes that Haddix himself has already caused the dissemination of the allegedly sensitive information to the prison population. Accordingly, the motion for reconsideration is **DENIED**. (Docket # 17).

B.  Motion to Amend Complaint

Haddix had a right to amend his complaint once without leave of court because no responsive pleading or motion had yet been filed. *See* Fed. R. Civ. P. 12(a)(1)(B). Accordingly, his motion to amend is **GRANTED**. (Docket # 18).

The amended complaint attached to the motion to amend repeats the allegations in the complaint and adds a few new allegations. Having read the amended complaint, the Court

3

concludes that it does not state a claim against defendant Burris or defendant Lewis for the reasons stated in the order of service and in the preceding section of this order.

The amended complaint adds a new First Amendment claim. Haddix alleges that, about a month after he sent a letter to the warden, the letter was returned to him with a typed note from correctional sergeant Frisk that stated, "If you have a complaint against IGI staff, you need to submit a staff complaint to the Appeal coordinator and follow the guidelines set forth in the California Code of Regulations, Title 15, section 3084, Inmate Appeals.'" Docket # 18-1, p. 6. Haddix alleges that, because the letter was marked "confidential mail," it should not have been opened by anyone but the addressee. *Id.* at 6-7. Haddix alleges that Frisk's opening and responding to a confidential letter mailed to the warden "constituted a violation of privileged mail under the 1st Amendment to the United States Constitution." Docket # 18-1, p. 10. Giving the *pro se* amended complaint the liberal construction to which it is entitled, a cognizable claim is stated for a First Amendment violation, as the amended complaint could be read to mean that sergeant Frisk improperly confiscated the letter. The Court notes, however, that the substance of sergeant Frisk's message – *i.e.*, that Haddix had to follow the regulations for inmate appeals if he wanted to complain about staff misconduct – does not give rise to any § 1983 liability because prison officials may require inmates to comply with regulations that have established procedures for recurring issues without violating an inmate's constitutional rights. *See Resnick v. Adams*, 348 F.3d 763, 770 (9th Cir. 2003) (prison had a legitimate governmental interest in the orderly administration of a program that allowed prisons to accommodate the needs of thousands of prisoners and that "[a]llowing inmates to make requests outside this system by letters sent to various prison officials would frustrate the orderly administration" of the program). In other words, a cognizable § 1983 claim for a First Amendment violation is stated against sergeant Frisk for allegedly confiscating the letter, but no § 1983 claim is stated against him for allegedly telling Haddix to follow the proper channels to complain about staff misconduct.

The amended complaint states two cognizable § 1983 claims. The amended complaint repeats the retaliation claim against sergeant Frisk that the court already found cognizable in the order of service, and adds the First Amendment claim discussed in the preceding paragraph. All

4

other defendants and claims are dismissed. The Clerk shall file the proposed amended complaint (Docket # 18-1) that was attached as an exhibit to the motion to amend.

C.  Scheduling

Defendant Frisk's request for extension of the deadline to file a dispositive motion is **GRANTED**. (Docket # 14.) The Court now sets these new deadlines for the dispositive motion:

    1.    No later than **August 16, 2013**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, Defendant must so inform the Court prior to the date the motion is due.

    2.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant's counsel no later than **September 13, 2013**.

    3.    Defendant's reply brief, if any must be filed no later than **September 27, 2013.**

IT IS SO ORDERED.

Dated: June 14, 2013

_____
EDWARD M. CHEN
United States District Judge