UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE LLOYD HADDIX, JR., | No. C-12-1674 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER REFERRING ACTION TO *PRO SE* SETTLEMENT PROGRAM AGAIN** |
| C/O SEAN BURRIS; *et al.*, | |
| Defendants. | |

On March 10, 2015, this action was referred to Magistrate Judge Vadas for mediation or settlement proceedings in the *Pro Se* Prisoner Mediation Program. Dkt. No. 65. Magistrate Judge Vadas then set a settlement conference for June 19, 2015 at the California State Prison - Solano, and issued a writ of habeas corpus ad testificandum to obtain Plaintiff's appearance at the settlement conference. On June 9, 2015, Magistrate Judge Vadas held a telephonic status conference regarding the upcoming settlement conference, at which time Plaintiff stated that he would refuse to go to the scheduled settlement conference. Dkt. No. 73. Magistrate Judge Vadas then informed Plaintiff that his failure to attend the settlement conference "may be grounds for dismissal." *Id.* On June 17, 2015, prison officials informed Magistrate Judge Vadas that Plaintiff (who currently is housed at Corcoran) refused to be transported to the California State Prison - Solano to attend the settlement conference. Dkt. No. 74. Due to Plaintiff's non-appearance, Magistrate Judge Vadas was unable to conduct the June 19, 2015 settlement conference and returned the action to the undersigned. *Id.*

The Court then issued an order to show cause why the action should not be dismissed for failure to prosecute and/or failure to comply with a court order due to Plaintiff's apparent refusal to attend the settlement conference. Dkt. No. 76.

Plaintiff filed a response to the order to show cause in which he blamed his non-attendance on the fact that he did not have all his documents and the absence of a transportation order for him. Dkt. No. 77. He also argued that compelling him to attend a settlement conference would violate his jury trial rights. *Id.* at 3. Defendant filed a reply, arguing that the action should be dismissed because Plaintiff had declared his intention to refuse to attend the settlement conference long before the settlement conference and actually refused to be transported on June 8 and on June 11. Dkt No. 78 at 3-4. Defendant explained that inmates are transported about a week before the scheduled court date so the receiving institution has sufficient time to process their paperwork. *Id.* at 4. Plaintiff later filed a supplemental reply stating that he had been asked only once to be transported, and that was on June 8. Dkt. No. 83.

The Court finds that, even though Plaintiff's behavior has caused an unwarranted waste of judicial resources, the record is not clear enough to support a dismissal today for failure to comply with a court order. Specifically, (1) it cannot be determined with certainty that Plaintiff was informed that his case would be – not just could be – dismissed if he did not attend the settlement conference and (2) it cannot be determined that he refused to be transported to the settlement conference after Magistrate Judge Vadas warned him of the potential for dismissal if he did not attend. Although the parties agree that Plaintiff refused to be transported on June 8, Plaintiff states that prison officials did not attempt to transport him thereafter and Defendant's documentary evidence does not include an entry clearly showing that Plaintiff refused to be transported on June 11 or any other date after June 8.

The Court will give Plaintiff one more chance to participate in the settlement conference proceedings. Plaintiff is now specifically ordered to attend and participate in the settlement conference proceedings. He does not have to reach a settlement or other resolution of his claims, but he absolutely must attend and participate in all the settlement conference proceedings. It is no excuse for non-attendance that Plaintiff has not been issued his property at his new prison, or has any other complaint about the conditions of confinement. If Plaintiff fails to attend any or all of the settlement proceedings calendared, this action will be dismissed. *See* Fed. R. Civ. P. 41(b).

With regard to Plaintiff's argument that he is being denied his jury trial rights, Plaintiff misunderstands what is required of him. Plaintiff is not being ordered to settle this action; he is only being ordered to attend and participate in the settlement conference. Many litigants do not want to attend settlement conferences or other alternative dispute resolution proceedings, but the path to trial requires that they first attempt to settle or otherwise resolve their differences. Although a party may be convinced of the correctness of his position, sometimes he can learn things in settlement that indicate a compromise is a better approach. Not only might a party learn of the weaknesses in his case that he has not considered, he also might learn about the procedural problems he faces at trial and potential costs. For example, Plaintiff may think he has nothing to lose by going to trial, but that is not correct. Plaintiff must pay witness fees for every witness he subpoenas for trial. If Defendant prevails at trial, Defendant will be entitled to an award of costs. *See* Fed. R. Civ. P. 54(d). Also, under certain circumstances, a prevailing defendant in a civil rights action can recover attorneys' fees, which are usually significantly larger than costs. *See* 42 U.S.C. § 1988(b); *Fox v. Vice*, 131 S. Ct. 2205, 2215 (2011) (when civil rights action includes both frivolous and non-frivolous claims, a prevailing defendant may "receive only the portion of his fees that he would not have paid but for the frivolous claim").

This case is now referred to Magistrate Judge Vadas again for a settlement conference pursuant to the *Pro Se* Prisoner Mediation Program. The proceedings will take place **within ninety days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a settlement conference with all interested parties and/or their representatives and, **within seven days** after the conclusion of the settlement conference, file with the Court a report for the proceedings. The Clerk will send to Magistrate Judge Vadas a copy of this order.

IT IS SO ORDERED.

Dated: October 13, 2015

_____
EDWARD M. CHEN
United States District Judge